# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TOMMIE L. HOLLIS,**
        **Plaintiff,**

    v.                                    Case No. 17-CV-1454

**CAPTAIN RYMARKIEWIEZ et al.,**
        **Defendants.**

---

## ORDER

Plaintiff Tommie L. Hollis, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his civil rights. This matter comes before me on plaintiff's motion for leave to proceed without prepayment of the filing fee and for screening of the complaint. Docket Nos. 1–2.

The Prison Litigation Reform Act ("PLRA") applies to this action because plaintiff was incarcerated when he filed this complaint. 28 U.S.C. § 1915. The law allows an incarcerated plaintiff to proceed with his lawsuit without prepaying the civil case filing fee, as long as he meets certain conditions. One of those conditions is that plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once plaintiff pays the initial partial filing fee, I can allow plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On October 26, 2017, Magistrate Judge William E. Duffin ordered plaintiff to pay an initial partial filing fee of $15.53. Docket. No. 7. Plaintiff paid the fee on November 14, 2017. Therefore, I will grant plaintiff's motion for leave to proceed without

prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

The PLRA also requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I can dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). I must give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**FACTS**

Plaintiff is an inmate at Waupun Correctional Institution ("WCI"). Docket No. 1. Defendants are Department of Corrections ("DOC") employees who work at WCI: Captain Rymarkiewiez is the gang coordinator; Tony Meli and Jeremy Westra are involved in reviewing inmate conduct reports.

On March 16, 2017, plaintiff had a personal telephone conversation with Felicia Thurman. *Id.* ¶¶ 1–2. Based on the content of the conversation, Rymarkiewiez gave

2

plaintiff a conduct report sometime in late March. *Id.* ¶ 4. Meli reviewed the conduct report without proper notice and hearing, and he gave Westra approval to discipline plaintiff. *Id.* ¶¶ 5–6. Plaintiff served 60 days in the Restrictive Housing Unit ("RHU") in conditions that amounted to "mental [and] physical torture." *Id.* ¶ 10.

Plaintiff appealed the decision to Warden Foster (not a defendant), and Foster reversed the guilty finding. *Id.* ¶ 11. Following plaintiff's successful appeal, Rymarkiewiez, Meli, and Westra took the following actions: (a) banned plaintiff from all prison jobs, programs, and movement; (b) denied plaintiff "back-pay" for lost job and refused to reinstate job position; (c) removed plaintiff from his "single-cell"; (d) and reinstated other inmates for their jobs. *Id.* ¶¶ 13, 15. Meli and Westra also forced plaintiff to complete a urine test on April 4, 2017. *Id.* ¶ 8.

For relief, plaintiff seeks monetary damages and several injunctions. *Id.* at 5–6.

**DISCUSSION**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that defendants (1) deprived him of a right secured by the Constitution or laws of the United States; and (2) acted under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

To state a First Amendment retaliation claim, plaintiff must allege that he: (1) engaged in activity protected by the First Amendment; (2) suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *See Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009). In the

prison context, the First Amendment right to petition the government for redress of grievances includes the right to pursue "administrative remedies that must be exhausted before a prisoner can seek relief in court." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Prisoners are entitled to utilize available grievance procedures without threat of recrimination. *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005).

Plaintiff states that following his successful appeal of his conduct report, Rymarkiewiez, Meli, and Westra took actions preventing him from working in a prison job and earning money. The timing of the conduct could suggest retaliatory motive, and job loss could discourage inmates from appealing conduct reports in the future. Therefore, plaintiff may proceed with a First Amendment claim that Rymarkiewiez, Meli, and Westra retaliated against him for appealing his conduct report.

Plaintiff also mentions conditions of confinement, equal protection, and due process, but he may not proceed with these claims. Plaintiff does not describe the conditions in RHU, and thus, has not alleged facts sufficient to show that he was denied the "minimal civilized measures of life's necessities" under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994). Plaintiff must do more than simply allege that the conditions in RHU amounted to "torture." Similarly, without a description of the conditions of confinement, a 60-day sentence in RHU does not trigger a liberty interest under the Fourteenth Amendment. *See Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 698 (7th Cir. 2009) ("[S]ix months of segregation is "not such an extreme term" and, standing alone, would not trigger due process rights.").

Finally, plaintiff mentions that other inmates were "reinstated" in their jobs while he was not, but that too is insufficient to state an equal protection claim under the

4

Fourteenth Amendment. It's unclear, for example, whether plaintiff and the inmates were "similarly situated." *See D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 685–87 (7th Cir. 2013). Therefore, plaintiff may not proceed with conditions of confinement, equal protection, or due process claims.

## CONCLUSION

**THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED**. The agency having custody of the prisoner shall collect from plaintiff's prison trust account the **$334.47** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, the Clerk's office shall electronically send copies of the complaint and this order to the Wisconsin Department of Justice for service on Captain Rymarkiewiez, Tony Meli, and Jeremy Westra.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, Captain Rymarkiewiez, Tony Meli, and Jeremy Westra shall file a responsive pleading to the complaint within 60 days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties shall not begin discovery until the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, under the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[1] If plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 4th day of April, 2018.

>s/ Lynn Adelman
>LYNN ADELMAN
>District Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, **Waupun Correctional Institution**, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.