# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TOMMIE L. HOLLIS,**
      **Plaintiff,**

**v.**                                                 **Case No. 17-C-1454**

**ROBERT J. RYMARKIEWICZ, *et al.*,**
      **Defendants.**

## ORDER

Tommie Hollis, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that defendants violated his civil rights. Docket No. 1. On April 4, 2018, I screened the complaint and allowed plaintiff to proceed with a First Amendment claim that Robert Rymarkiewicz, Anthony Meli, and Jeremy Westra took actions preventing plaintiff from having a prison job in retaliation for a conduct report he had appealed and won. Docket No. 9 at 4. This matter comes before me on: (1) defendants' motion for summary judgment based on failure to exhaust administrative remedies, and (2) defendants' motion to strike or disregard plaintiff's sur-reply. Docket Nos. 14, 24.

## I.     DEFENDANTS' MOTION TO STRIKE OR DISREGARD PLAINTIFF'S SUR-REPLY

On June 20, 2018, defendants filed a motion for summary judgment based on plaintiff's failure to exhaust administrative remedies prior to filing this lawsuit in federal court. Docket No. 14. The parties completed briefing on the motion on July 23, 2018. *See* Docket Nos. 15, 19, 22. About a month later, on August 20, 2018, plaintiff filed a document called "affidavit and reply to defendants." Docket No. 23. In the document, plaintiff

explains that his jailhouse lawyer, Titus Henderson, possessed plaintiff's only copy of the complaint in this case and Henderson has been in segregation since May 20, 2018. *Id.* at 1. Plaintiff states that he did not receive his complaint until August 16, 2018, at which point he took the complaint to a different inmate, Jerry Wheeler, to help him draft his "affidavit and reply." *Id.*

Defendants ask that I strike plaintiff's sur-reply because plaintiff did not seek leave from the court to file it, as required by Civil Local Rule 7(i). Docket No. 24. Plaintiff should have filed a motion for extension of time to respond to defendants' motion for summary judgment rather than filing an incomplete response brief and then filing an "affidavit and reply" without the court's permission. Nevertheless, plaintiff has provided a reasonable basis for asking to file his affidavit and reply. Accordingly, I will deny defendants' motion to strike or disregard plaintiff's sur-reply.

## II.   DEFENDANTS' MOTION FOR SUMMARY JUDGDMENT

### a. Facts[1]

Plaintiff is an inmate at Waupun Correctional Institution ("WCI"). Docket No. 1. Defendants are Department of Corrections ("DOC") employees who work at WCI: Tony Meli is Security Director; Robert Rymarkiewicz and Jeremy Westra are Captains. Docket No. 16, ¶¶ 4, 6.

On March 29, 2017, Rymarkiewicz gave plaintiff Conduct Report #2958214 for disruptive conduct, unauthorized forms of communication, and possession of intoxicants.

---

[1] I take facts from defendants' proposed findings of fact (Docket No. 16) and plaintiff's sworn complaint (Docket No. 1), which I construe as an affidavit at the summary judgment stage. *Ford v. Wilson,* 90 F.3d 245, 246-47 (7th Cir. 1996).

*Id.*, ¶ 1. Among other things, the conduct report alleged that plaintiff was involved in bringing narcotics into the institution with the help of two women who visit him regularly. Docket No. 18-1 at 1. Plaintiff received a hearing on the conduct report, on April 13, 2017, and Westra found him guilty of unauthorized forms of communication and possession of intoxicants; Westra found plaintiff not guilty of disruptive conduct. Docket No. 16, ¶ 2. Plaintiff appealed the two guilty findings, noting that one of the women was at work during the alleged incident and the other was not on his visitor list. Docket No. 18-1 at 13. The warden reversed the guilty findings on April 28, 2017 and dismissed the conduct report in its entirety. Docket No. 16, ¶ 3.

A short time later, Meli removed plaintiff from his inmate job.[2] *Id.*, ¶ 4. Based on the record, it appears that Meli did not explain why plaintiff lost his job other than to later explain that it was "for security reasons." Docket No. 17-2 at 2. On May 10, 2017, plaintiff filed an inmate complaint (WCI-2017-12292) regarding his lost job. *See* Docket No. 17-2 at 11. The inmate complaint stated:

> "I was on investigation. The officer finds me guilty of 303.34 and 303.43 and the warden reverse the decision in whole so I will like to get my job back as a Tier Tende in N.C.H."

*Id.*

The Institution Complaint Examiner ("ICE") reviewed the inmate complaint and recommended dismissing it. Docket No. 16, ¶¶ 8-10. She concluded that Meli removed

---

[2] Defendants identify "May 17, 2017" as the date plaintiff was removed from his job. Docket No. 16, ¶ 4. This date appears to be an error because plaintiff's inmate complaint shows that he filed the inmate complaint on May 11, 2017, six days before the date plaintiff allegedly lost his job. Docket No. 17-2 at 11. For purposes of this order, the specific date plaintiff lost his job is irrelevant.

3

plaintiff from his prison job for security reasons (not because of the conduct report), and she noted that she would defer to the security director's discretion regarding prison security. *Id.*; *see also* Docket No. 17-2 at 2. She also noted that inmates do not have a right to a particular job, number of hours, or rate of pay. *Id.* The warden accepted Moon's recommendation and dismissed the inmate complaint on May 30, 2017. Docket No. 16, ¶ 11.

On June 15, 2017, plaintiff filed an appeal of the decision to dismiss his inmate complaint. *Id.*, ¶ 12. Again, he explained that he was found not guilty of all the charges in Conduct Report #2958214, and therefore, he should get his job back. *See* Docket No. 17-2 at 13-14. The Corrections Complaint Examiner ("CCE") recommended dismissing the appeal as untimely. Docket No. 16, ¶ 15. The Office of the Secretary ("OOS") accepted the recommendation and dismissed the appeal on June 28, 2017. *Id.*, ¶ 16. Plaintiff did not file any other inmate complaints in 2017. *See* Docket No. 17-1.

**b. Discussion**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(c); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). The movant bears the burden of establishing that there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court grants summary judgment when no reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Prison Litigation Reform Act provides in part that "[n]o action shall be brought with respect to prison conditions under § 1983. . . by a prisoner. . . until such administrative remedies as are available are exhausted." 42 U.S.C § 1997e(a). The exhaustion rule gives prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court, and it produces a "useful administrative record" for the district court to rely on. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). A district court "lacks discretion to resolve the claim on the merits" if the prisoner fails to properly exhaust administrative remedies. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

To exhaust administrative remedies through Wisconsin's Inmate Complaint Review System ("ICRS"), an inmate must pursue "all administrative remedies that the department of corrections has promulgated by rule." Wis. Admin. Code § DOC 310.05. First, an inmate first must file an offender complaint with ICE within fourteen calendar days of the event giving rise to the complaint. § DOC 310.09(6). The complaint must "contain only one issue per complaint and shall clearly identify the issue." § DOC 310.09(1)(e). ICE can either reject the complaint as untimely or can send a recommendation to the appropriate reviewing authority within twenty working days of acknowledging the complaint. § DOC 310.11(11). The appropriate reviewing authority must make a decision on the offender complaint within ten working days of receiving the recommendation. § DOC 310.12(1).

If the appropriate reviewing authority dismisses the offender complaint, the inmate must appeal that decision to CCE within ten calendar days after the date of the decision. § DOC 310.13(1). CCE sends a recommendation to the Office of the Secretary of the

Department of Corrections within thirty-five days of receiving the appeal. § DOC 310.13(6). The Secretary must then make a decision within ten working days after receiving the CCE's recommendation. § DOC 310.14(1). If the inmate does not receive the Secretary's written decision within forty-five working days of the CCE's acknowledgement of the appeal, the inmate can consider administrative remedies to be exhausted. § DOC 310.14(3).

The prison grievance system itself determines the particularly with which an inmate must identify the issue in his original inmate complaint. *See Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). "[T]he grievance[] must contain the sort of information that the administrative system requires." *Id.* Some administrative systems may require detailed fact-pleading, while others may use "old code-pleading," identification of each element of a cause of action. *Id.* "When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 650. "As in a notice-pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief." *Id.* "All the grievance need do is object intelligibly to some asserted shortcoming." *Id.*

To allege retaliation under Wisconsin's ICRS, an inmate must at least identify two things: the retaliatory act and the alleged protected activity. *Wine v. Pollard*, No. 08-CV-173-BBC, 2008 WL 4379236, at *3 (W.D. Wis. Sept. 23, 2008) ("Once defendants were provided with the retaliatory act and the alleged protected activity, they had all the notice they needed to investigate plaintiff's complaint and resolve it."); *see also Chancy v. Smith*, No. 15-CV-767, 2018 WL 1342485, at *4 (E.D. Wis. Mar. 15, 2018); *see also Flores v. Gardner*, No. 17-CV-657-SLC, 2018 WL 4853038, at *3 (W.D. Wis. Oct. 5, 2018).

Plaintiff's inmate grievance satisfies this minimum requirement—he identifies the retaliatory act (losing his job) and the protected activity (appealing and winning his conduct report).

Defendants assert, however, that they were not placed on "notice" of the retaliation claim because plaintiff did not allege causation (i.e. that winning his conduct report appeal caused defendants to terminate his job) and/or he did not use the word "retaliation" to explain why he lost his job. Defendants explain that they read the inmate complaint to mean that plaintiff believed he lost his job because he got a conduct report and he wanted his job back because he no longer had a conduct report. Defendants explain that they investigated that issue and concluded that plaintiff's job loss was unrelated to his conduct report—it was for security reasons. Defendants assert that they did not get the opportunity to investigate or resolve the issue of whether defendants had retaliatory motive for terminating plaintiff because he did not clearly allege that issue in the inmate complaint.

Plaintiff appears to acknowledge this confusion and explains that he didn't allege causation because doing so would have required him to "speculate a retaliation theory." Docket No. 20 at 12. He states that if defendants had told him why he was a security threat, he could have determined the veracity of the assertion, and could have determined whether his termination had retaliatory motive. *Id*. Plaintiff states that without knowing the reason for his classification as a "security threat," he would have only been explaining "why he believes it could be retaliation." *Id*.

The dispute in this case appears to arise from the fact that the standard used to allege retaliation though Wisconsin's ICRS appears to differ from the standard used to allege retaliation in federal court. *See Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009)

(concluding that to state a First amendment retaliation claim in federal court, plaintiff must allege that his First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action.) At least one district court that was posed with this discrepancy concluded that plaintiff failed to exhaust administrative remedies because he did not "make it clear to the reviewing authority that complaint no. SCI–2004–3222 was intended to challenge defendant Clark's motive for issuing him a conduct report." *Malone v. Clark*, No. 04-C-229-C, 2004 WL 2504211, at *5 (W.D. Wis. Oct. 26, 2004); see also *Lockett v. Goff*, No. 17-CV-93-JDP, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017) ("[plaintiff] describes the retaliatory act (confiscation of his property) but did not explain his protected conduct that caused the alleged retaliation. This is insufficient to put the state on notice of the nature of the wrong.").

I need not address the issue of whether causation/motivation is an essential part of alleging retaliation under Wisconsin's ICRS because plaintiff failed to exhaust administrative remedies for a different reason: he did not timely appeal his inmate complaint to CCE. To fully exhaust administrative remedies through Wisconsin's ICRS, a prisoner must file complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate must use "all steps that the agency holds out" and must "do[] so *properly* (so that the agency addresses the issues on the merits)." *Id.* at 1034. An inmate complaint that is dismissed as untimely is not addressed on the merits, and therefore, is not properly exhausted. *Id.* at 1025.

Plaintiff filed a timely inmate complaint but did not file a timely appeal. Plaintiff could have petitioned CCE to accept an untimely appeal for "good cause," but he did not.

As a result, CCE did not review his grievance on the merits, as is required to properly exhaust administrative remedies.

Plaintiff explains that he "done the best he could to explain his situation to the complaint system" and notes the liberal pleading standards apply to *pro se* litigants. Docket No. 23 at 4. Although federal courts are required construe a *pro se* plaintiff's pleadings liberally, a plaintiff must still meet the statutory requirement of exhaustion. *See Conway v. Thurmer*, 39 F. App'x 408, 410 (7th Cir. 2002) ("[T]he PLRA does not permit liberalized standards for *pro se* plaintiffs on the theory of "substantial compliance" with exhaustion requirements."). Indeed, the Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Accordingly, I will grant defendants' motion for summary judgment and will dismiss this case.

For the reasons discussed above, **IT IS ORDERED** that defendants' motion to strike or disregard plaintiff's sur-reply (Docket No. 24) is **DENIED.**

**IT IS ORDERED** that defendants' motion for summary judgment (Docket No. 14) is **GRANTED** and this case is **DISMISSED.** The Clerk of Court shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. I may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask me to alter or amend my judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. I cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. I cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

I expect parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 2nd day of November, 2018.

                                        s/Lynn Adelman
                                        LYNN ADELMAN
                                        District Judge